Sealed
Public and unofficial staff access to this instrument are prohibited by court order.

United States Courts
Southern District of Texas
FILED

JUL 1 8 2017

David J. Bradley, Clerk of Court

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § § | |
| v. | § § | CRIMINAL NO. SEALED 17 CR 4 3 7 |
| YANETTE RODRIGUEZ ACOSTA aka YANETTE PATINO | § § § § | |

# INDICTMENT

THE GRAND JURY CHARGES:

## COUNT 1
(Conspiracy to Commit Wire Fraud – 18 U.S.C. § 1349)

From on or about August 20, 2015 and continuing through on or about October 21, 2015, within the Southern District of Texas, and elsewhere, Defendant

**YANETTE RODRIGUEZ ACOSTA
aka YANETTE PATINO**

did knowingly and intentionally conspire with others known and unknown to the Grand Jury to commit the offense of knowingly and with the intent to defraud, devising and intending to devise a material scheme and artifice to defraud, and to obtain money and property by means of materially false and fraudulent pretenses, representations and promises, knowing that the pretenses, representations and promises were false and fraudulent when made, and to knowingly transmit and cause to be transmitted writings, signs, signals, pictures and sounds by means of wire in interstate and foreign commerce for the purpose of executing such a scheme and artifice in violation of 18 U.S.C. § 1343 (wire fraud).

In violation of 18 U.S.C. §§ 1349 and 2.

A.  **THE MANNER AND MEANS OF THE CONSPIRACY**

In furtherance of this conspiracy and to effect the objects thereof, the Defendant and other unindicted co-conspirators utilized the following manner and means, among others:

1. In order to extort money from victims, co-conspirators made telephone calls using Mexican phone numbers to individual victims throughout the United States, including Los Angeles and Beverly Hills, California, and falsely represented that they had kidnapped the victim's child. The co-conspirators then demanded money for the safe release of the victim's child. This scheme is commonly referred to as a "virtual kidnapping for ransom" scheme.

2. The last four digits of some of the Mexican telephone numbers used by the co-conspirators were 3696, 0391, and 6000.

3. The co-conspirators instructed the victim to wire money to other unindicted co-conspirators in Mexico.

4. In some cases, the co-conspirators instructed the victim to do a physical "money drop" at a specific location within the Southern District of Texas.

5. The Defendant coordinated with the co-conspirators to pick up the ransom money after a victim's money drop.

6. The Defendant kept some of the money from the money drops by the victims and transmitted the remainder, via wire, to other unindicted co-conspirators in Mexico, and recruited others in the United States to send wires to the unindicted co-conspirators in Mexico.

7. Between August 20, 2015 and continuing through October 21, 2015, the unindicted co-conspirators, using Mexican telephone numbers ending in 3696, 0391, and 6000, demanded ransom money for the safe release of a family member from 39 different victims in Texas, California, and Idaho.

B. **OVERT ACTS**

8. In furtherance of the conspiracy, and to effect the objects thereof, Defendant and the known and unknown co-conspirators performed and caused to be performed, among others, the overt acts listed below of this Indictment:

   a. On or about September 17, 2015, an unindicted co-conspirator called Victim B.R. in The Woodlands, Texas, from a Mexican telephone number ending in 3696. The unindicted co-conspirator falsely claimed that Victim B.R.'s daughter had been kidnapped because the daughter "saw something she shouldn't have" and demanded a total of $15,000 for the release of Victim B.R.'s daughter.

   b. On or about September 17, 2015, the unindicted co-conspirator instructed Victim B.R. to wire transfer $2,000 to another unindicted co-conspirator in Mexico.

   c. On or about September 17, 2015, the unindicted co-conspirator instructed Victim B.R. to do a physical money drop of approximately $13,000 at a designated location in Houston, Texas.

   d. On or about September 17, 2015, the unindicted co-conspirator threatened Victim B.R. that he would cut off the fingers of Victim B.R.'s daughter, if Victim B.R. did not comply with his instructions.

   e. On or about September 17, 2015, the Defendant communicated with the unindicted co-conspirator via another Mexican phone number ending in 0391, to coordinate her retrieval of the ransom money.

   f. On or about September 17, 2015, the Defendant picked up Victim B.R.'s cash drop of approximately $13,000 at the designated location in Houston,

Texas.

    g.    On or about September 17, 2015, the Defendant wired $2,000 to an unindicted co-conspirator in Mexico.

    h.    On or about September 18, 2015, the Defendant wired $3,000 to an unindicted co-conspirator in Mexico.

    i.    On or about September 18, 2015, the Defendant recruited another individual to send two wires of $2,000 each to unindicted co-conspirators in Mexico, which that individual did.

    j.    On or about September 30, 2015, an unindicted co-conspirator in Mexico called Victim A.V. in The Woodlands, Texas, using Mexican phone numbers ending in 3696 and 6000. The unindicted co-conspirator falsely claimed that Victim A.V.'s daughter had been kidnapped because the daughter had witnessed a murder and demanded $15,000 for the daughter's release.

    k.    On or about September 30, 2015, the unindicted co-conspirator then instructed Victim A.V. to do a physical money drop of $15,000 at another designated location in Houston, Texas.

    l.    On or about September 30, 2015, the unindicted co-conspirator threatened Victim A.V. that he would cut off the fingers of Victim A.V.'s daughter, if Victim A.V. did not comply with his instructions.

    m.    On or about September 30, 2015, the Defendant communicated with the unindicted co-conspirator via the Mexican telephone number ending in 6000.

    n.    On or about September 30, 2015, the Defendant picked up Victim A.V.'s cash drop of $15,000 at the designated location in Houston, Texas.

o. On or about September 30, 2015, the Defendant recruited another individual to send wires of $2,000 and $3,000 to unindicted co-conspirators in Mexico, which that individual did.

p. On or about October 1, 2015, the Defendant wired $1,000 to an unindicted co-conspirator in Mexico.

q. On or about October 1, 2015, the Defendant recruited another individual to send a wire of $2,000 to unindicted co-conspirators in Mexico, which that individual did.

All in violation of 18 U.S.C. §§ 1349 and 2.

## COUNTS 2-9
(Wire Fraud – 18 U.S.C. § 1343)

The Grand Jury re-alleges Paragraphs 1-8 of Count 1 of this Indictment and incorporates them as if fully set forth in Counts 2 through 9 of this Indictment.

9. On or about the following dates, the Defendant

**YANETTE RODRIGUEZ ACOSTA
aka YANETTE PATINO**

in the Southern District of Texas, for the purpose of executing the scheme and artifice set forth above, knowingly used interstate and foreign wire communications facilities to send wire transferred funds, obtained by wire fraud, as described in the counts below:

| COUNT | DATE | AMOUNT OF WIRE TRANSFER |
|---|---|---|
| TWO | September 17, 2015 | $2,000 |
| THREE | September 18, 2015 | $3,000 |
| FOUR | September 18, 2015 | $2,000 |
| FIVE | September 18, 2015 | $2,000 |
| SIX | September 30, 2015 | $2,000 |
| SEVEN | September 30, 2015 | $3,000 |
| EIGHT | October 1, 2015 | $1,000 |
| NINE | October 1, 2015 | $2,000 |

All in violation of 18 U.S.C. §§ 1343 and 2.

## COUNT 10
### (Conspiracy to Commit Money Laundering – 18 U.S.C. § 1956(h))

The Grand Jury re-alleges Paragraphs 1-9 of Counts 1 through 9 of this Indictment and incorporates them as if fully set forth in Count 10 of the Indictment.

10. On or about August 20, 2015, and continuing through at least on or about October 7, 2015 within the Southern District of Texas, and elsewhere, Defendant

**YANETTE RODRIGUEZ ACOSTA**
**aka YANETTE PATINO**

did knowingly conspire with others known and unknown to the Grand Jury, to knowingly conduct and attempt to conduct a financial transaction which involved the proceeds of specified unlawful activity, to wit, wire fraud, affecting interstate and foreign commerce, knowing that the property involved in the financial transaction represented the proceeds of some form of unlawful activity, and knowing that such transaction was designed in whole or in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of said specified unlawful activity, in violation of 18 U.S.C. § 1956(a)(1)(B)(i).

In violation of 18 U.S.C. §§ 1956(h) and 2.

## NOTICE OF FORFEITURE
### 28 U.S.C. § 2461(c); 18 U.S.C. § 981(a)(1)(C)

Pursuant to 28 U.S.C. § 2461(c) and 18 U.S.C. § 981(a)(1)(C), the United States gives notice to Defendant

**YANETTE RODRIGUEZ ACOSTA**
**aka YANETTE PATINO**

that upon conviction for wire fraud and conspiracy to commit wire fraud, in violation of 18 U.S.C. §§ 1343 and 1349, as charged in Counts 1 through 9 of this Indictment, all property which

constitutes or is derived from proceeds traceable to such offenses is subject to forfeiture.

## NOTICE OF FORFEITURE
## 18 U.S.C. § 982(a)(1)

Pursuant to 18 U.S.C. § 982(a)(1), the United States gives notice to Defendant

## YANETTE RODRIGUEZ ACOSTA
## aka YANETTE PATINO

that upon conviction for conspiracy to commit money laundering, in violation of 18 U.S.C. § 1956(h), as charged in Count 10 of this Indictment, all property, real or personal, involved in money laundering offenses or traceable to such property, is subject to forfeiture.

## MONEY JUDGMENT

Defendant is notified that upon conviction, a money judgment may be imposed equal to the total value of the property subject to forfeiture.

## SUBSTITUTE ASSETS

Defendant is notified that in the event that one or more conditions listed in 21 U.S.C. § 853(p) exists, the United States will seek to forfeit any other property of the Defendant up to the total value of the property subject to forfeiture.

TRUE BILL:

ORIGINAL SIGNATURE ON FILE

FOREPERSON OF THE GRAND JURY

ABE MARTINEZ
Acting United States Attorney

By: _____
EUN KATE SUH
Assistant United States Attorney